## MICHAEL HEALEY *vs.* GEORGE E. LOTHROP.

Suffolk.   March 11, 14, 1898. — May 20, 1898.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Assault and Battery — Master and Servant — Statute — Special Police Officer.*

The St. 1878, c. 244, § 6, does not make a special police officer the servant of the person at whose request he is appointed.

TORT, for an assault and battery. At the trial in the Superior Court, before *Bond,* J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*C. F. Eldredge,* for the defendant.

*W. H. Baker,* for the plaintiff.

HOLMES, J. This is an action of tort against the keeper of a place of amusement in Boston, seeking to make him liable for an assault and battery alleged to have been committed by one Mead, a special police officer, while on his premises. Whatever the officer did, he did as such police officer, and without direction or knowledge on the part of the defendant. The officer was appointed in pursuance of St. 1878, c. 244, § 6, upon the application of the defendant, to serve without pay from the city, under such rules and regulations as the police commissioners deemed expedient. He was paid by the defendant, and the defendant gave the bond required by statute. At the trial, the defendant asked the judge to direct a verdict for him; but the judge refused, and instructed the jury that the defendant, under the statute and the arrangement which he had made, became liable for the official misconduct of Mead in his employment, just as for the tort of any servant. The case is here on exceptions. The only question is whether Mead was the defendant's servant. That was the ground of liability alleged in the declaration and laid down in the charge. So much of the argument for the plaintiff as turns on the supposed duty of the defendant to take reasonable care to protect the plaintiff from abuse by strangers has no bearing upon the case.

The case depends upon the construction of St. 1878, c. 244, § 6. That section required the defendant to give bond to the city treasurer " to be liable to parties aggrieved by any official misconduct of such police officer, to the same extent as for the torts of agents and servants in their employment." It continues, " and proceedings may be had upon said bonds in the same manner as upon the bonds of constables." If the statute had meant to make the officer the servant of the person who applies for his appointment and gives bond for his conduct, presumably it would have said so. But if it had said so, it would have insisted upon a fiction being treated as a fact. It is true that the defendant asked to have an officer appointed, perhaps asked to have Mead appointed, and that he paid him. But he did not appoint him, could not remove him, and could not control his official conduct, which was governed by the regulations of the police commissioners and his own sense of duty as a public officer. The statute does not call the relation that of master and servant, and goes no further than to make the defendant liable upon his bond " to the same extent " as for a servant. The words quoted imply that the officer is not one. They mean to the same extent as in another case which does not exist. In *Dickson* v. *Waldron*, 135 Ind. 507, the jury found that the wrong done was not done by the servant in the capacity of a policeman, whereas the contrary appeared in this case. The form of the defendant's undertaking, and presumably the statute also, were different from those in the present case.

*Exceptions sustained.*