PETER HEGGEN v. FT. DODGE, DES MOINES & SOUTHERN RAILROAD COMPANY, Appellant.

**Railroads:** ASSAULT OR MISTREATMENT OF PASSENGERS: LIABILITY OF COMPANY. The statute authorizing a conductor to refuse to permit a passenger who is intoxicated to enter a passenger car of his train or a street car in his charge, and authorizing him to eject a person in a state of intoxication, drinking liquor or using profane or indecent language when riding upon such train or car, does not authorize him to assault or mistreat the passenger, or relieve the railway company from liability for his act in so doing.

**Same.** The conductor of a passenger train or street car in suppressing the misconduct of a passenger while on the train is the agent of the company, and in no sense a public officer, for whose breach of duty the company is liable.

*Appeal from Boone District Court.*—HON. ROBERT M. WRIGHT, Judge.

WEDNESDAY, MARCH 8, 1911.

ACTION to recover damages for personal injury result-
ing to plaintiff while a passenger on defendant's train from
being assaulted and beaten by the conductor on said train
through no misbehavior on his part and through the wil-
ful and malicious act of said conductor. The defendant al-
leged misconduct of the plaintiff as a passenger, and also
alleged that at the time of the injury to plaintiff the latter
was in an intoxicated condition and had a bottle of
whisky in his pocket over which there was a loud, boister-
ous, abusive, and annoying controversy with other persons
on said car, and that under and by virtue of the law of
Iowa the conductor was invested with the right to eject
plaintiff from the car for such conduct and use reasonable
means to do so, and that all his acts and doings while so
engaged were in pursuance of the authority delegated to
him by law for which defendant was in no manner re-
sponsible. There was a verdict for plaintiff in the sum
of \$152.53, and from judgment on this verdict defendant
appeals.—*Affirmed*.

*Dyer & Dyer,* for appellant.

*D. G. Baker,* for appellee.

McCLAIN, J.—There is no contention on the part of
appellant that the case was not properly submitted to the
jury or that the verdict was not supported by the evidence,
unless there was a failure of the court to properly leave
it to the jury to determine whether the conductor in assault-
ing and mistreating the passenger was acting as an offi-
cial agent or representative of the state in such manner
and to such extent as that the defendant was not liable
for what was done.

The appellant relies wholly upon the provisions of

Acts Thirty-third General Assembly, chapter 141 (1909), which are as follows:

Section 1. Any person who shall drink intoxicating liquor as a beverage on any passenger railway car or street car in service or who shall use profane or indecent language on such railway or street car shall be guilty of a misdemeanor.

Section 2. Any conductor of a railway train or street car carrying passengers shall have the right to refuse to permit any person not in the custody of an officer, to enter any passenger car on his train or street car in his charge who shall be in a state of intoxication; and shall have the further right to eject from his train at any station or from his street car at any regular stop any person found in a state of intoxication or drinking intoxicating liquors as a beverage, or using profane or indecent language on any passenger car of his train or any street car under his charge and for that purpose may call to his aid any employee of the railway or street car company.

The first section of this statute alone is immaterial for present purposes, for it is plain that the commission of a misdemeanor by a passenger would not justify or excuse the defendant for the act of its conductor in as-

1. RAILROADS: assault or mistreatment of passengers: liability of company.

saulting or mistreating him, and that, while it was proper for the conductor to use all reasonable means at his command to preserve order and protect other passengers from inconvenience or annoyance, even to the extent of ejecting an intoxicated person from the car, it was his duty to use no more force than reasonably necessary to effectuate that object. On this subject the court fully instructed the jury, and no complaint as to the instructions given is now made.

But it is contended that under the second section of the Act the conductor was charged with a duty in behalf of the state, and that in performing this duty he was not the agent or servant of the defendant, but a public officer for whose acts and conduct the defendant was not respon-

sible. It is to be noticed, however, that the statute does not impose any duty upon a conductor, nor does it declare that in exercising any authority which the statute purports to give him he is a public officer. It purports to authorize acts by a conductor which may be somewhat broader in scope than those which he would be justified in exercising as the agent or servant of a common carrier of passengers; but it does not purport to relieve the railroad company of any liability on account of his misconduct in attempting to exercise his authority. Of course, if the act of the conductor is one authorized by statute, although it is beyond the scope of the acts which a conductor would otherwise be authorized to commit, then the defendant is not liable; but if the act of the conductor is unauthorized by law—that is, not authorized by the statute nor within the rightful scope of his powers and duties as a conductor of a passenger train—then the defendant must necessarily be liable for his conduct to the same extent as though no such statute had been passed.

Now the authority of the conductor under the statute is to prevent a passenger entering the car who is in a state of intoxication and to eject from the car at any station or regular stop a person found in a state of intoxication or drinking intoxicating liquors

2. SAME.

as a beverage or using profane and indecent language. It is not pretended that the violence used by the conductor of which plaintiff complains was in preventing him from entering the car nor in ejecting him from such car at a station or regular stop. The difficulty between the plaintiff and the conductor related to the conduct and behavior of the passenger while in the car and being transported. With respect to this matter the conductor acted solely as the servant and agent of the defendant, and the jury was properly instructed as to the liability of the defendant with reference to its conductor's acts.

.. That there was no issue proper for presentation to the

jury as to whether the conductor was acting as a public servant and not as conductor in committing the alleged wrongs complained of is made apparent by the contention of appellant as to the errors which the court is charged to have committed in the trial of the case.

It is first contended that the court erred in refusing an instruction to the jury to the effect that, if plaintiff was guilty of using indecent or abusive language or was under the influence of intoxicating liquors and was boisterous and annoying to passengers, then the conductor was vested under the law of Iowa with full power and authority to suppress such acts and conduct, and in the exercise of such authority the conductor was alone responsible for his acts while so acting, and defendant was not in any way liable for such acts. There is nothing in the statute to authorize any such instruction. The duty of suppressing misconduct of a passenger is one resting upon the conductor as a servant or agent of the carrier and is not created or enlarged by the statute above quoted. The other error complained of is that the court failed to submit to the jury any issue arising out of the allegation in defendant's answer that at the time of the alleged assault and misconduct plaintiff was in an intoxicated condition, had a bottle of whisky in his pocket over which there was loud, boisterous, abusive, and annoying controversy with other passengers on the car, etc. It is plain that this allegation, if proven, gave rise to no occasion provided for by the statute for the exercise of a public authority on the part of the conductor.

Counsel for appellant cites authorities in support of the proposition that, when a special peace officer is by authority of law duly appointed to preserve order or protect the persons or property in the cars or on the premises of a carrier or in places of public amusement, such officer, although employed and paid by the carrier or by the owner of the place of amusement, is still a public officer, and, so

far as his acts are those of a public officer rather than as an employee, his employer is not liable for his misconduct; it being for the jury to determine as a matter of fact whether in the conduct complained of he was acting as a public officer or as employee only. As bearing on this question, see *Healey v. Lothrop,* 171 Mass. 263 (50 N. E. 540); *Tolchester Beach Improvement Co. v. Steinmeier,* 72 Md. 313 (20 Atl. 188, 8 L. R. A. 846); *Cordner v. Boston & M. R. Co.,* 72 N. H. 413 (57 Atl. 234); *Tucker v. Erie R. Co.,* 69 N. J. Law, 19 (54 Atl. 557); *Sharp v. Erie R. Co.,* 184 N. Y. 100 (76 N. E. 923); *Deck v. Baltimore & O. R. Co.,* 100 Md. 168 (59 Atl. 650, 108 Am. St. Rep. 399); *Dickson v. Waldron,* 135 Ind. 507 (34 N. E. 506, 35 N. E. 1, 24 L. R. A. 483, 488, 41 Am. St. Rep. 440); *McKain v. Baltimore & O. R. Co.,* 65 W. Va. 233 (64 S. E. 18, 23 L. R. A. (N. S.) 289, 131 Am. St. Rep. 964), and cases there cited in note.

We need not discuss these cases, for we have already pointed out that they are not pertinent to the case now before us.

Finding no error in the record, the judgment is *affirmed.*