Davis, C. J.
It is clear to us that the court of common pleas erred in refusing to grant the motion, made at the close of all the testimony, to direct a verdict for the defendant; and that the circuit court erred in affirming the judgment of the court of common pleas. The process by which *264 we arrive at this conclusion is neither long nor intricate. It is as follows.
By Sections 3427 and 3428, Revised Statutes, (General Code, Sections 9150 and 9151), the governor is authorized to appoint and commission, upon the request of a railroad company, such persons as the company may designate, or as many as he may deem proper, to act as policemen for and upon the premises of such railroad or elsewhere, when directly in discharge of their duties for such railroad; and it is therein provided that: “such policemen so appointed and commissioned shall severally possess and exercise all the powers, and be subject to all the liabilities of policemen of cities of the first class, in the several counties in which they are authorized to act while in the discharge of their duties for which they are appointed.”
It appears that John Beattie, for whose conduct the defendant in error seeks to recover damages from the plaintiff in error, was so appointed, commissioned and sworn to perform the duties of a policeman for the plaintiff in error, The New York, Chicago & St. Louis Ry. Co., and was at the time of the acts complained of, authorized so to act. So that, although he was appointed at the request of the railroad company and although his salary was paid by it, he was in fact, at the time of the plaintiff’s injury, a public officer; and by the express terms of Section 3428, Revised Statutes (General Code, Section 9151), the railroad company would not be liable for his acts if a municipal corporation would not be liable. Police officers, *265 by whomever appointed or elected are generally regarded as public or state officers deriving their authority from the sovereignty, for the purpose of enforcing the observance of the law; and for their malfeasance, misfeasance or non-feasance in office the city is not responsible. 20 Am. & Eng. Ency. Law (2 ed.), 1204. But where the act complained of is outside of the public duties of a policeman, and were authorized or ratified by the corporation, the latter would be liable. It follows, therefore, that the only competent issue tendered by the defendant in error in his petition below, is whether the act of the policeman was outside of his public functions and was authorized by the railroad company.
We start then with the clear presumption of the law that the policeman was acting officially and in the line of his duty. Jardine v. Cornell, 50 N. J. L., 486; Tucker v. Erie Ry. Co., 69 N. J. L., 19; Tolchester Beach Improvement Co. v. Steinmeier, 72 Md., 313; Brill v. Eddy, 115 Mo., 596, 605; Foster v. Grand Rapids Ry. Co., 140 Mich., 689. The foundation of this rule is that one who is invested with authority by the sovereign, commissioned and sworn to faithfully perform the duties pertaining to such commission, must necessarily be supposed to be acting in conformity thereto; and anyone who claims that the officer was not so acting must show affirmatively that such was the case. In the present case, there is no testimony whatever that any person competent to act for the railroad company, authorized or directed Beattie to in any way interfere with the defendant in *266 error; and the circumstances as well as the testimony of all the witnesses are consistent with Beattie’s own claim that he was acting as an officer of the law. A train was coming in and the defendant in error was pointed out to Beattie by a person not an officer or employe of the company as being in a position in the company’s yards to excite suspicion. He went to the defendant in error and asked him what he was doing there. The answer was evasive and words followed which quickly ended in a combat, in which the defendant in error had his leg broken, by falling' or being thrown upon the railroad track. Beattie wore a policeman’s badge, but it was pinned on his vest and his coat and overcoat were buttoned over it at the time of the fracas. He also had a policeman’s club or “billy” and a revolver, but these were not in view. He was then and had been for some time assigned for duty as a detective or railroad policeman in the Bellevue yards and reported to the chief of the railroad police or division superintendent. There is no proof that he performed any other duties there. This is the sum of all the testimony, which we have read from beginning to end; and it is in no respect incon- ’ sistent with the officer’s claim, and the legal presumption, that he was attempting in the line of his duty as a policeman to arrest the defendant in error, or to eject him from the company’s grounds. So the presumption prevails. If there was any excess of force used or any improper conduct by the officer, the railroad company is not liable for it. Tolchester Beach Improvement *267 Co. v. Steinmeier, supra; Tucker v. Erie Ry. Co., supra; St. Louis, I. M. & S. Ry. Co. v. Hackett, 58 Ark., 381; Healey v. Lathrop, 171 Mass., 263; Woodhull v. The Mayor, etc., 150 N. Y., 450; Samuel v. Wanamaker, 95 N. Y. Supp., 270, 107 App. Div., 433.
Beattie testifies, and perhaps the weight of the evidence supports him in this, that he told the defendant in error that he was an officer of the law; but inasmuch as the defendant in error denies it, we have not allowed that matter to enter into our consideration of the case.
The motion to direct a verdict for the company should have been granted. The judgment of the circuit court, and the judgment of the court of common pleas, are reversed and judgment given in this court for plaintiff in error.

Reversed.

Spear, Shauck, Johnson, Donahue and O’Hara, JJ., concur.