[Civ. No. 2146. Second Appellate District, Division Two.—July 29, 1919.]

## LEWIS J. P. SQUIRES, Appellant, v. SOUTHERN PACIFIC COMPANY (a Corporation), Respondent.

[1] COMMON CARRIERS—ERROR IN ISSUING OF TICKET—RIGHTS OF PASSENGER.—If a railway company makes a mistake in the issuing of a ticket to travel from one point to another on its line of railway, the passenger has his redress for that wrong, but he cannot demand of a conductor, who has no knowledge of the facts, that he be carried on the insufficient ticket, without showing that his possession of the insufficient ticket was due to the fault of the railway company.

[2] MALICIOUS PROSECUTION—INSUFFICIENCY OF EVIDENCE—NONSUIT.— In this action against a railway company for damages for alleged malicious prosecution, the plaintiff having failed to show that the officer who arrested him and who subsequently swore to the complaint against him was acting at the direction of the defendant, or to show that the prosecution was malicious or without probable cause, the trial court was justified in granting the motion for a nonsuit.

APPEAL from a judgment of the Superior Court of Los Angeles County. Louis W. Myers, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. B. Holley for Appellant.

Henry T. Gage and W. I. Gilbert for Respondent.

SLOANE, J.—The plaintiff is prosecuting this appeal from a judgment denying his prayer for damages in an action against the Southern Pacific Company for malicious prosecution.

The complaint charges that defendant, through one of its agents, procured plaintiff's arrest and instituted, in the justice's court of the city of Santa Barbara, a criminal action against him, and that said action was begun and

---

1. Right to eject passenger holding ticket invalid through carrier's fault, notes, 9 Ann. Cas. 889; Ann. Cas. 1912C, 730; Ann. Cas. 1914D, 922.

prosecuted against him, by and through the defendant, maliciously and without probable cause.

The circumstances leading up to the arrest and criminal prosecution grew out of the fact that plaintiff, through some mistake—the blame for which is not clearly accounted for in the evidence—boarded a train of the defendant company at Ventura, on his way to Santa Barbara, and presented for his passage a ticket reading from Santa Barbara to Ventura. The conductor refused to accept the ticket and demanded that plaintiff pay his fare. This, plaintiff refused to do. There was some altercation between him and the conductor, but he was permitted to ride to Santa Barbara. On reaching that city, the conductor pointed out the plaintiff to one William Beck, apparently a police officer on duty at the station, with the statement that plaintiff was the man who refused to pay his fare, and to see if he could get the fare out of him. This ended the conductor's part in the matter. Some controversy arose between plaintiff and the officer, and the plaintiff testifies that the officer struck him and then arrested him and carried him off to jail, where later the criminal charge of disturbing the peace was sworn to by the officer, Beck. Subsequently the criminal action was dismissed, without coming to trial. Later plaintiff brought this action for malicious prosecution against the Railway Company, and on the trial, at the close of plaintiff's evidence, the court granted a nonsuit.

The appeal is taken under the alternative method. It seems to have been quite a prevailing opinion among members of the bar, since this alternative method of appeal was enacted, that about all that was required was to furnish the appellate court with a typewritten transcript, and leave the members of the court to hunt through the record for any errors they might find. In this case, plaintiff's counsel makes no specification of errors, cites no authorities and points out no parts of the evidence which he may wish to call to the attention of this court. Even in going through the transcript, we are unable to find on just what part of the proceedings plaintiff bases his cause of action. He seems to have had an unfortunate time of it, and is deserving of sympathy, but apparently is not entitled to legal redress. [1] He was clearly in the wrong in insisting upon riding to Santa Barbara on a ticket that was intended to carry

him in the opposite direction, unless he can show that he himself was not at fault in the matter. If the mistake in his ticket was the fault of the Railway Company, he had his redress for that wrong, but could not demand of a conductor, who had no knowledge of the facts, that he be carried on the insufficient ticket, without showing that his possession of an insufficient ticket was the fault of the Railway Company. But, in any event, the conductor of the defendant company did not molest him. The conductor committed no wrong in pointing him out to the officer as a passenger who had refused to pay his fare. He did not direct or advise his arrest. [2] Beck, the officer, though shown to be in the pay of the Railway Company, seems to have been a state officer detailed for that service; and the evidence does not show that he was directed by the company, or had any authority to make arrests in its behalf. His assault upon the plaintiff, and the taking of him into custody, if it was for evading his railroad fare, was unwarranted, and constituted false imprisonment, or some other wrong than malicious prosecution. The complaint that Beck subsequently swore to, charging disturbance of the peace, is not contained in the record; and it does not appear whether the ground of the complaint was plaintiff's conduct on the train or the controversy which took place with the officer after he ceased to be a passenger of the Railway Company. Moreover, there is no evidence to show that the prosecution was malicious or without probable cause. The burden was on the plaintiff to establish both of these elements of his case.

The trial judge was justified in granting the motion for a nonsuit.

The judgment is affirmed.

Finlayson, P. J., and Thomas, J., concurred.