[Civ. No. 11115.   Second Appellate District, Division Two.—October 9, 1936.]

VERNON R. ST. JOHN, Respondent, v. S. F. REID et al., Appellants.

Joe Crider, Jr., and Clarence B. Runkle for Appellants.

Nadia Williams for Respondent.

WOOD, J.—Defendants Reid and Smith appeal from a judgment entered against them upon the return of a jury's verdict awarding plaintiff damages for personal injuries suffered when he was struck by buckshot discharged from a shotgun carried by defendant Reid while acting as a special police officer guarding the funds of defendant Smith.

Defendant Smith operated ten markets in and about the city of Los Angeles and employed one Granholm as messenger to collect various sums of money from markets and deposit them at a bank. Having previously sustained a loss by robbery, Smith brought about the appointment of Reid as a special police officer and paid Reid for his services. Reid's sole duty was to accompany Granholm in an automobile owned by Smith and protect Granholm from robbery until the money was deposited in the bank. He wore a policeman's uniform with a badge of the type prescribed by the city for special policemen. He carried a sawed-off shotgun loaded with buckshot. When Granholm's automobile arrived at the bank Granholm left the automobile by the front door. Reid started to leave by the rear door and while he was in the act of getting out of the car the shotgun

in some manner dropped from his hands and was discharged. Plaintiff was hit by some of the buckshot. Ordinances of the city of Los Angeles were introduced in evidence providing for the appointment of special police officers to serve without pay. One of the ordinances provided: ''The Chief of Police shall have the power to issue special police officers' badges of the type, size and design approved at the meeting of the Board of Police Commissioners on November 12, 1929, to persons engaged to do special police work, such as bank guards, night watchmen, private patrol work, investigators for the various departments of the City government of the City of Los Angeles, and other special police work, but such special police officers' badges shall be issued only to persons having a commission or permit as a special police officer from the Board of Police Commissioners.'' The appointment of Reid as a special officer was made pursuant to the ordinance. Defendant Smith's motion for nonsuit was denied.

The jury was instructed that Smith was responsible for the negligence of Reid and it is now contended that this instruction was erroneous. There is a sharp conflict of authority on the question of the application of the doctrine of *respondeat superior* to cases in which special policemen have been compensated by private citizens. In California the decisions have clearly held that the private citizen is not responsible for the acts of the special officer committed in the discharge of his police duties. (*Maggi* v. *Pompa,* 105 Cal. App. 496 [287 Pac. 982] ; *Redgate* v. *Southern Pacific Co.,* 24 Cal. App. 573 [141 Pac. 1191] ; *Squires* v. *Southern Pacific Co.,* 42 Cal. App. 459 [183 Pac. 695].) In *Maggi* v. *Pompa, supra,* the question was decided adversely to the contention made by plaintiff. In that case one Cesena was appointed a special police officer by the police commissioners of San Francisco. The defendant Peter Pompa was conducting a special patrol and collected compensation from the property owners of certain territory which was patrolled. He paid a monthly salary to Cesena. While patrolling the beat assigned to him Cesena attempted to make an arrest for a misdemeanor and in doing so unlawfully discharged his gun, thereby injuring a bystander who sued Pompa, claiming that Pompa was responsible for the conduct of Cesena. In upholding the contention of the defendant the court said: ''In harmony with the rule of the Redgate case

we find the test in 39 C. J., page 1273, section 1461, which reads: 'Unless it is otherwise provided by statute, a private person or corporation is not responsible for the acts of a special police officer, appointed by public authority, but employed and paid by the private person or corporation, when the act complained of was performed in carrying out his duty as a public officer.' In support of the text many cases are cited and then the writer follows with a statement of the contrary rule, to which he cites an equal number of cases. Thus, the California rule is followed in *Healey* v. *Lothrop,* 171 Mass. 263 [50 N. E. 540]; *Buman* v. *Michigan Cent. R. Co.,* 168 Mich. 651 [134 N. W. 972, Ann. Cas. 1913D, 107]; *Pennsylvania R. Co.* v. *Kelly,* 177 Fed. 189 [30 L. R. A. (N. S.) 481]; *New York etc. R. Co.* v. *Fieback,* 87 Ohio St. 254 [100 N. E. 889, 43 L. R. A. (N. S.) 1164]."

In the case before us the special officer was performing no duty except that pertaining to his work as a police officer. The only appreciable difference between the facts of this case and that of the *Maggi* v. *Pompa* case is that the defendant in the last-mentioned case was in the business of supplying police protection, a circumstance which did not tend to lessen his liability. Reid performed no services in and about the business of Smith as salesman or in any capacity other than that of a policeman. Smith did not undertake to direct or control Reid in the discharge of his police duties. The only control which Smith exercised over Reid was to direct Reid as to the places to which he should accompany the messenger. In *Maggi* v. *Pompa, supra,* it was held in the following language that such control was not sufficient to make the defendant responsible for the conduct of the special officer: "As the cause must go back for a new trial we should add that it is not sufficient, as contended by respondent, that the appellant paid the monthly wages to Cesena or that he gave general directions to Cesena as to the streets which he was to patrol and the general conduct of his duties, these directions being nothing more than directions to follow the rules and regulations of the board of police commissioners."

Plaintiff points to the fact that Reid was not in the act of preventing the commission of a crime at the time the gun was negligently discharged and argues that for this reason he was not in the performance of his police duties.

Certainly the responsibility of Smith for Reid's conduct does not depend upon the presence or absence of a robber at the time of the occurrence of the act of which complaint is made. Reid was leaving the automobile for the purpose of continuing his duties as guard for the messenger. He was on duty at all times during the trip and was in the discharge of his duties as a police officer while he was guarding Smith's money.

The motion for a nonsuit should have been granted. The judgment is affirmed as to defendant Reid and reversed as to defendant Smith, with directions to the superior court to enter judgment in favor of defendant Smith.

McComb, J., *pro tem.*, and Crail, P. J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 7, 1936. Seawell, J., voted for a hearing.