[Civ. No. 13905. First Dist., Div. Two. Mar. 7, 1949.]

HAZEL E. HANNA, Appellant, v. RAPHAEL WEILL & COMPANY (a Corporation) et al., Respondents.

Elmer P. Delany and Wm. A. Sullivan for Appellant.

Brobeck, Phleger & Harrison, Daniel J. O'Brien and Jerome J. Cahill for Respondents.

NOURSE, P. J.— In her action for damages for false imprisonment plaintiff alleged and proved that after purchasing a pair of gloves at a counter in the "White House" she asked the clerk for a shopping bag to carry an extra sweater she had worn on entering the store. Having placed the sweater and the gloves in this bag with her sales slip she left the store and was followed for some distance along the public sidewalk by a woman detective and a special officer who told plaintiff he was a policeman. One of these took plaintiff by the arm and the special officer told her: "You go back with us. It will be better for you if you do." They took her back to the store where she was immediately released and told the whole incident was a mistake. At the close of plaintiff's case the trial was taken from the jury when defendants' motion for a nonsuit was granted.

The only question on this appeal is whether appellant proved a prima facie case of false imprisonment which should have gone to the jury.

Section 236 of the Penal Code defines false imprisonment as "the unlawful violation of the personal liberty of another." The essential thing in false imprisonment is the restraint of the person. (*Vandiveer* v. *Charters,* 110 Cal.App. 347, 355 [294 P. 440]; *Ware* v. *Dunn,* 80 Cal.App.2d 936, 943 [183 P.2d 128].) This essential element was proved by competent evidence. The appellant went further and gave proof that the restraint was not made upon a complaint or warrant. And, though force is not a necessary element, appellant tendered evidence that a sufficient amount of force was used by the two employees to convince her that resistance would be unavailing.

Whatever may be written about the burden of proof it is sufficient here to say that, on a motion for nonsuit, the evidence of what occurred on the public street, the return of appellant to the office of respondent White, and his immediate statement to her that: "This is all a bad mistake" would have supported an inference which the jury might have drawn that the arrest and detention was without legal authority and unjustified. Thus, as to the respondents White and Methot, it was necessary to combat that inference by proof satisfactory to the jury.

█ The respondent Raphael Weill and Company defends the judgment on these grounds: (1) That as an employer it is not responsible for the acts of the special police officer unless it is shown that such acts were in furtherance of the employer's business. *Maggi* v. *Pompa,* 105 Cal.App. 496, 498 [287 P. 982]; *St. John* v. *Reid,* 17 Cal.App.2d 5 [61 P.2d 363], are cited. Neither case decides the issue involved here. Both held that a private employer was not responsible for the negligence of a special police officer appointed by public authority where the injuries were caused while the officer was "in the discharge of his public duties." (*St. John* v. *Reid, supra,* p. 8.) And it is said that the employer is liable when such acts of the officer are "in excess of his authority" or are committed while in performance of his duty to the employer, such as the protection of his employer's property. (57 C.J.S. 283.)

The lack of harmony in the decisions relating to such liability is discussed in 35 American Jurisprudence page 971 where it is said that: "there is actually little, if any, dissent from the proposition that the mere fact that one in private employment also has a commission from the public as a police officer does not protect his private employer from liability to third persons for acts which are referable to the former's capacity as private employee, although the private employer is not responsible for acts or omissions referable to his character as a public officer."

Here the evidence is that the "arrest" and detention were made for the recovery of the employer's property and that they continued after the officer learned that no crime had been committed—either felony or misdemeanor. It also appears that they "suspected" the theft of a pair of gloves not worth more than $2.00 █ It is the settled rule that a police officer may not make an arrest for a misdemeanor which has not been committed in his presence. (Pen. Code, § 836; *Ware* v. *Dunn,* 80 Cal.App.2d 936, 943 [183 P.2d 128].) Here the evidence is that the store detectives were told by a customer that appellant might have stolen a pair of gloves.

*Mackie* v. *Ambassador Hotel Corp.,* 123 Cal.App. 215 [11 P.2d 3] is also cited, but in that case the arrest was clearly not made within the scope of the officer's employment either as a special police officer or as an employee. The case is not in harmony with the rule stated in 57 Corpus Juris Secundum, page 283 and 35 American Jurisprudence, page 971 (which is supported by ample authority) but that is immaterial since the only reasonable inference to be drawn here is that White

was acting in the course of his employment by the "White House" when he first made the arrest. If he continued to hold respondent in custody thereafter the question of authority to that extent would bear on the issue of damages for which the employer was liable, but it would not affect this order of nonsuit.

But on the general issue of the responsibility of the employer the only evidence is that White was employed as a store detective to protect the employer's property and that he followed appellant to the street for the purpose of apprehending her. It is properly inferable that the acts of both White and Methot were all done for that purpose. It thus becomes a matter of fact—and one of defense—whether they were so authorized by the employer, or whether their acts were ratified by subsequent approval. But, insofar as the employer respondent is concerned, all this discussion as to the status of White seems to be idle since the arrest was originally made by Methot who was not a special officer, but merely an employee hired to protect her employer's property.

Judgment reversed.

Goodell, J., and Dooling, J., concurred.