4352. BRIGHT v. CENTRAL OF GEORGIA RAILWAY COMPANY.

A railway corporation is not responsible in damages for an unlawful arrest of a passenger, made by a police officer appointed by and subject to the directions of the municipal authorities, notwithstanding the officer was specially detailed to preserve order at the company's depot, and his salary was paid by it.
DECIDED FEBRUARY 4, 1913.

Action for damages; from city court of Savannah—Judge Davis Freeman. July 9, 1912.

*Travis & Travis, Napier & Maynard,* for plaintiff.

*Lawton & Cunningham, H. W. Johnson,* for defendant.

POTTLE, J. The plaintiff was arrested while a passenger on one of the defendant's trains in the City of Savannah, and carried to the police station, and, after an investigation into the cause of the arrest, was released from custody by the officer in charge. The action for damages is predicated upon the theory that the person who made the arrest was an employee of the defendant; that the arrest was without legal justification, and that the defendant was guilty of a breach of the duty which it owed the plaintiff as a passenger.

There was a nonsuit, and the evidence must be dealt with in that light which bears most favorably upon the plaintiff's contentions. So considering the evidence, the arrest was wholly without legal justification. The plaintiff had violated no ordinance of the city,

nor any State law; he was sitting quietly as a passenger, preparing to depart for his home in Macon, and the arrest was made without a warrant, and upon the mere complaint of a third person that the plaintiff had threatened him with bodily harm. The plaintiff denied that he had made the threat, and, in view of his explanation of the transaction, the arrest was wholly unnecessary and unauthorized. The case turns upon the question whether the person making the arrest was a servant of the company and acting as such in making the arrest, or was acting in the capacity of a police officer of the City of Savannah.

Unquestionably a railway company owes to a passenger the absolute duty to protect him from insult or injury at the hands of one of its servants, without reference to whether the insult or injury was connected with the performance of an act within the scope of the servant's employment. *Brunswick & Western Ry. Co.* v. *Bostwick,* 100 *Ga.* 96 (27 S. E. 725). But if one, while a passenger, is arrested by an officer of the law, the railway company is not bound to inquire into the legality of the arrest. And if its servants do not counsel or participate in the arrest, the company can not be made to respond in damages, even though the officer's act was wholly without legal excuse. *Brunswick & Western Ry. Co.* v. *Ponder,* 117 *Ga.* 63 (43 S. E. 430, 60 L. R. A. 713, 97 Am. St. R. 152); *Baldwin* v. *Seaboard Air-Line Railway,* 128 *Ga.* 567 (58 S. E. 35, 13 L. R. A. (N. S.) 360). Sage, the person who made the unlawful arrest, was a police officer of the City of Savannah, specially detailed at the depot of the defendant company in that city. None of the ordinances of the city are put in evidence, but, by special legislative enactment, the courts are bound to notice the ordinances of the City of Savannah in the same way and to the same extent that they notice the laws of the State. Civil Code of 1882, § 4872. The city ordinances provide that these special police officers stationed at the property of the defendant company "shall be taken and held as a part of the regular police force of the city," but that "they shall be liable to be dismissed at such times as the said Central of Georgia Railway Company shall determine to cease paying for their services." Code of Savannah (1907), §§ 472, 473. The evidence shows that Sage was paid by the railway company; but viewing the evidence in the light of the ordinances, it is manifest that the company was simply required to pay the

officer's salary in consideration of the special police protection afforded, but that the power to appoint and discharge was vested in the municipal authorities. If the company ceased to pay, the city might discharge, if the services of the policeman were not needed at the depot or elsewhere, but it was not bound to do so; nor in any event could the company strip the officer of the power conferred upon him by the city as a police officer.

According to the evidence, Sage was appointed just as other police officers are appointed, and took the same oath, gave the same bond, and was subject to the same rules and regulations. He reported to his superior police officers and was authorized to make arrests anywhere in the city. Indeed, he testified that he made more arrests in the city than he did at the depot. The mere fact that the company paid him did not give it a right to control his conduct as a police officer. He was not bound by any instructions the company might give in reference to making or not making an arrest in a particular instance; and since the company could not have prevented him from arresting the plaintiff, it was not responsible for any damage which resulted from the arrest. See Healy *v.* Lothrop, 171 Mass. 263 (50 N. E. 540). There was no evidence that the officer was bound, under his employment, to perform private service for the railway company, as was the case in Hirst *v.* Fitchburg Street Railway Co., 196 Mass. 353 (82 N. E. 10), and in Dixon *v.* Waldron, 135 Md. 507 (35 N. E. 1, 24 L. R. A. 483, 488, 41 Am. St. R. 440). The plaintiff relies upon *Tabb v. Mallette,* 120 *Ga.* 97 (47 S. E. 587, 102 Am. St. R. 78). But all that the decision in that case really held was that where the wages of such an officer as Sage were shown to have been paid by a private corporation, he could not claim exemption from the process of garnishment merely because he was a police officer. Nothing there said affects the present ruling. The nonsuit was rightly granted.     *Judgment affirmed. Russell, J., dissents.*