## In re ROGERS' ESTATE.
## ROGERS v. NICOLS.

No. 4868.   Decided January 23, 1930.   (284 P. 992.)

*C. E. Norton,* of Salt Lake City, for appellant.

*H. C. Allen,* of Salt Lake City, for respondent.

ELIAS HANSEN, J.

This appeal is prosecuted by Katie S. Rogers, administratrix with the will annexed of the estate of Arthur L. Rogers, deceased, from two judgments made and entered by the probate division of the district court of Salt Lake county, Utah. Both of the judgments appealed from were entered in the course of probate proceedings of the estate of Arthur L. Rogers, deceased. One of the judgments appealed from is a decree of distribution; the other is a judgment finding Katie S. Rogers guilty of contempt of court, and directing that she be imprisoned in the county jail of Salt Lake county, Utah, for a period of 30 days or until she executes a deed conveying to Cornelius West the following

described tract of land situate in Salt Lake county, Utah: Commencing at the southeast corner of lot 2, block 32, plat B, Salt Lake City survey, and running thence west 1½ rods, thence north 10 rods, thence east 1½ rods, thence south 10 rods to the place of beginning.

The record brought here for review shows that the following proceedings were had in the court below. On April 20, 1925, a petition for the probate of the will of Arthur L. Rogers, deceased, was filed. On May 1, 1925, the will of Arthur L. Rogers, deceased, was admitted to probate. H. J. Fitzgerald, who was named in the will as executor, was by the court appointed executor, and letters testamentary were issued to him. The will so admitted to probate devised and bequeathed to Katie S. Rogers all of the property belonging to Arthur L. Rogers at the time of his death. On September 30, 1926, the appellant, Katie S. Rogers, filed a petition for a family allowance and for summary distribution to her of the whole of the estate. The time for hearing the petition was continued from time to time, apparently because no inventory and appraisement had been filed in the cause and because the executor had not rendered any account. On November 3, 1926, an inventory and appraisement was filed from which it appears that the estate of the deceased consisted of $70.25 in cash and an undivided one-half interest, valued at $600, in a contract for the sale of the tract of land heretofore described in this opinion. On November 26, 1926, H. J. Fitzgerald, the executor, filed his first and final account in the cause. Attached to the account and made a part thereof is a copy of a contract whereby, under date of January 4, 1924, Arthur L. Rogers agreed to sell and Cornelius West agreed to buy, for the sum of $1,500, the tract of land above described. The contract recites that $100 was paid on the contract price at the time the contract was entered into. The remainder of the purchase price was made payable by the contract at the rate of $20 per month. All deferred payments bore interest at the rate of 7 per cent per annum. There is also attached to the account and made

a part thereof a copy of an agreement which reads as follows:

"This agreement made this 5th day of February A. D. 1924 by and between Arthur L. Rogers of Salt Lake City, Utah, first party and Eoline C. Rogers of Salt Lake City, Utah, second party:

"Whereas first party is the legal owner and holder of the property herein described, to wit: The house at 637 East 5th South Street, Salt Lake City, Utah.

"Commencing at the Southeast corner Lot Two (2), Block 32, Plat 'B' Salt Lake City Survey, and running thence West 1-½ rods, thence North 10 rods, thence East 1-½ rods, thence South 10 rods, to the point of beginning, together with all improvements thereon.

"And second party is the owner of an equitable interest in said property to the value of $750.00 being the amount paid by second party on account of the purchase price of said property.

"And whereas the party of the first part has entered into a contract of sale for said property to one Con West for the sum of $1500.00 which contract provides for the payment of One Hundred dollars in cash and the sum of $20.00 on the first day of each and every month with interest on deferred payments at the rate of 7 per cent per annum.

"And whereas said second party is now in possession of said premises.

"Now therefore in consideration of the sum of $1.00 each paid to the other and the Covenants herein contained the said first party agrees to pay one-half (½) of all sums received by him on account of said sale and contract; said payments to be made by first party to second party as same is received under said contract, and the party of the second part hereby agrees to surrender possession and deliver up said premises to said Con West on the first day of March 1924.

"Witness the hands of said parties the day and year first above written.

"A. L. Rogers.
"Eoline C. Rogers."

"Witness: H. J. Fitzgerald.

The account also contains a statement of moneys received and expended by the executor. It is recited in the account that Arthur L. Rogers was, at the time of his death, the owner of an undivided one-half interest in the contract of sale between him and Cornelius West. Under date of March

1, 1927, a decree settling the final account of the executor and of summary distribution was made and filed in the cause. By the decree of summary distribution, an undivided one-half interest in the contract between Arthur L. Rogers and Cornelius West was distributed to Katie S. Rogers, the widow of the deceased, and the other undivided one-half interest was distributed to Mrs. Eoline C. Rogers Nicols, the former wife of the deceased. On November 19, 1927, the appellant, Katie H. Rogers, filed a petition in the matter of the Estate of Arthur L. Rogers, deceased, in which petition, omitting the title of the court and cause, it is alleged:

"Now comes Katie S. Rogers and respectfully shows:

"That on October 16, 1927, H. J. Fizgerald, the sole Executor of the last will and testament of said Arthur L. Rogers, deceased, died, and the estate of the first testator is left unadministered, and unfinished, in these particulars:

"1. The final account and the decree does not state the required facts under Section 7644, Compiled Laws of Utah, 1917, in that it does not show that the expenses of the last illness, funeral charges, and expenses of administration has been paid before distribution was ordered;

"2. The final distribution has not been made as provided by said order of March 1, 1927, or otherwise, or at all, so as to clear the title to said real estate or to give possession of said personal property;

"3. That all of the records and files herein are hereby made a part of this petition.

"Wherefore petitioner prays that letters of administration with will annexed be issued to your petitioner, Katie S. Rogers, as provided by Section 7582, Compiled Laws of Utah, 1917, and according to the practice of this court."

Under date of December 2, 1927, Katie S. Rogers was appointed administratrix with the will annexed of the estate of Arthur L. Rogers, deceased. She qualified as such administratrix, and letters of administration were issued to her. Under date of May 2, 1928, Katie S. Rogers filed her first and final account and petitioned for summary distribution. In her account and petition for distribution she

prayed that the funeral expenses of Arthur L. Rogers and the cost of the administration of his estate be paid out of the moneys derived from the sale of the real property by Arthur L. Rogers to Cornelius West, and that the money remaining after such expenses had been paid be divided equally between her and Eoline C. Rogers Nicols. On May 25, 1928, Eoline C. Rogers Nicols filed in the cause an objection to the final account. In the objection she alleges that she is the owner of an undivided one-half interest in the contract between Arthur L. Rogers and Cornelius West. She objects to the application of any of the $750 which she claims in the property sold to West being applied to the payment of the funeral expenses of Arthur L. Rogers, or to the payment of the cost of the administration of his estate. On December 14, 1928, a court order was signed by the court and filed in the cause. Omitting the title of the court and cause, it reads as follows:

"This matter coming on to be heard upon the objections to the Final Report, filed by Eoline C. Nicols, formerly Eoline C. Rogers, to the final report of the administratrix heretofore filed herein, and the court having heard the evidence and argument of counsel and being fully advised in the premises, doth find that prior to the death of Arthur L. Rogers, and on to wit, the 5th day of February, 1924, the said Arthur L. Rogers, executed and delivered to the said Eoline C. Rogers, an agreement reciting the fact that the said Eoline C. Rogers was the owner of an undivided one-half interest in and to the property described in said objection and agreement and that the said Eoline C. Rogers was to receive one-half of the proceeds from the sale of said property, which had already been made, the contract of sale having been deposited with the Tracy Loan & Trust Company for collection.

"The Court further says the said Eoline C. Nichols, formerly Eoline C. Rogers, is the owner of an undivided one-half interest in and to that said piece of property known and described as follows: to wit:

"Commencing at the SE corner of Lot 2, Block 32, Plat 'B' Salt Lake City Survey and running thence W. one and one-half rods, thence N. Ten rods, thence E. One and one-half rods, thence S. 10 rods to the point of beginning, together with all improvements thereon.

"The fee title to said property being in the estate of the said Arthur

L. Rogers and said estate being the trustee of and for the undivided one-half interest therein, belonging to the said Eoline C. Nicols, formerly Eoline C. Rogers.

"Wherefore, it is Ordered, Adjudged and Decreed that the said Eoline C. Nicols, formerly Eoline C. Rogers, is the owner of an undivided one-half interest in and to that certain piece of real property, situate and described as follows, to wit: Commencing at the SE corner of Lot 2, Block 32, Plat 'B' Salt Lake City Survey and running thence W. One and One-half rods, thence N. Ten rods, thence E. One and One-half rods, thence S. 10 Rods to the point of beginning, together with all improvements thereon. And that the said Eoline C. Nicols, formerly Eoline C. Rogers, is entitled to and is hereby decreed the right to receive from the Tracy Loan & Trust Company, or from the purchaser of said property, a one-half of the purchase money paid by the purchaser thereof, subject only, to one-half of such deduction as may be made from the collection of such sum, or sums, by the Tracy Loan & Trust Company and the Tracy Loan & Trust Company is hereby directed to pay to the said Eoline C. Nicols, formerly Eoline C. Rogers, one-half of the moneys received by them from the purchaser of the said above described real estate, less one-half of the collection fee charged by it for its services in said matter."

On January 5, 1929, a decree settling the final account and distribution was signed by the court and filed in the cause. Omitting the title of the court and cause, it reads as follows:

"Katie S. Rogers, the administratrix with will annexed of the estate of Arthur L. Rogers, deceased, having rendered her final account of her administration of said estate, which account was for final settlement, and having with said account filed a petition for the final distribution of the estate;

"And said account and petition this day coming on regularly to be heard, proof having been made to the satisfaction of the Court that the Clerk had given notice of the settlement of said account and petition, in the manner and for the time heretofore ordered and directed by the Court;

"And it appears that said account is in all respects true and correct, and that it is supported by proper vouchers; and it appearing that all claims and debts against said decedent, all taxes on said estate, and all debts, expenses, and charges of administration have been fully paid and discharged by said Katie S. Rogers, and that said estate is ready for distribution, and in condition to be closed.

"And it further appears that the Court has made and filed an interlocutory decree directing that one-half of said real property described in the inventory and appraisement be distributed to Eoline C. Rogers, a former wife of said deceased.

"It is ordered that said final account be approved and settled, and that the residue of said estate be and the same is hereby distributed to said Katie S. Rogers, surviving wife of said deceased, subject to the contract of sale of Con and Sarah West as shown by the records in said estate, and that she be discharged upon making such distribution, and making a deed to said Wests."

On January 10, 1929, Katie S. Rogers served upon counsel for Eoline C. Rogers Nicols a motion to set aside the order dated December 14th, and a motion for a new trial. On January 31, 1929, upon application of Eoline C. Rogers Nicols and Cornelius West and Sarah West, supported by affidavits, an order to show cause was issued directing that Katie S. Rogers and her attorney "appear before the Court and show cause why the said Katie S. Rogers should not execute a deed to the property sold by Arthur L. Rogers, deceased, prior to his death, to Cornelius West and Sarah West, his wife, as provided in the order of this court, bearing date, January 5, 1929." Katie S. Rogers filed an affidavit in the cause wherein, among other things, she alleged that the court was without jurisdiction to direct the administratrix to convey the real property to Cornelius West, and that Cornelius West had failed and neglected to make the payments provided for in his contract with Arthur L. Rogers. On February 9, 1929, an order was signed by the court and filed in the cause. Omitting the title of the court and cause, the order reads as follows:

"Now, on this eighth day of February, 1929, this matter coming on upon the motion of Eoline C. Rogers Nicols and Cornelius West and Sarah West, his wife, for order directing the administratrix, with a will annexed, to execute a deed to the undivided one-half of the real property, standing in the name of Arthur L. Rogers at the time of his death and described as follows to wit: Commencing at SE corner of Lot 2, Block 32, Plat 'B' Salt Lake City Survey and running thence W. One and One-half rods, thence N. Ten rods, thence

E. One and One-half rods, thence S. 10 Rods to the point of beginning, together with all improvements thereon, to Cornelius West in accordance with the terms and conditions of the contract of purchase and sale entered into between Arthur L. Rogers in his lifetime and the said Cornelius West, a copy of which is on file in this cause and attached to the report of H. J. Fitzgerald as executor of the last will and testament of the said Arthur L. Rogers and upon the motion of Katie S. Rogers as administratrix, and the will annexed, to set aside the order of December 14th and a motion for a new trial heretofore filed herein and the court having heard the evidence offered on the part of Eoline C. Rogers Nicols and the said Cornelius West and the argument of counsel and being fully advised in the premises, doth over-rule said motion to set aside the order of December 14th and motion for a new trial and doth grant the motion of Eoline C. Rogers Nicols and Cornelius West.

"Wherefore, it is ordered, adjudged, and decreed, that the said Katie S. Rogers, as administratrix, with the will annexed, execute a good and sufficient deed, conveying to Cornelius West, an undivided one-half interest in and to the property hereinbefore described and to deposit said deed with the clerk of this court on the eighth day of February, 1929, said deed to be held by the clerk of this court and delivered to the said Cornelius West upon receipt of one-half of the balance due under the contract of purchase and sale hereinbefore referred to and out of the moneys so deposited with the clerk upon the delivery of said deed, the clerk of this court be and he is hereby authorized and directed to pay the cost of recording in the office of the County Recorder of Salt Lake County, State of Utah, of certified copies of such orders of this court as are necessary to perfect the title to said property and one-half of the cost of extending the abstract of title to said property, showing the record of such order or orders with the County Recorder as aforesaid and to further pay any balance remaining due upon the Clerk's costs of administration herein and to pay to H. C. Allen, as attorney for Eoline C. Rogers Nicols and Cornelius West, the sum of Two dollars and fifty cents, costs expended in procuring the order to show cause upon which this order is based, and may then deliver and turn over unto the said Katie S. Rogers the balance remaining in his hands to be distributed in accordance with the decree of distribution heretofore entered herein on the fifth day of January, 1929."

On February 26, 1929, upon application of Eoline C. Rogers Nicols and Cornelius West and Sarah West, the court issued an order to show cause directing Katie S. Rogers and

her attorney to appear before the court and show cause, if any they have, why they should not be punished for contempt of court for failing to execute a deed to Cornelius West as theretofore ordered by the court. On March 1, 1929, the court found Katie S. Rogers guilty of contempt and directed that she be "confined in the county jail until she complies with the order of this court regarding the execution of said deed and in no event, however, to exceed a period of thirty days."

At this stage of the proceedings an appeal was taken to this court.

None of the evidence taken at any of the hearings in the court below is brought here for review. The proceedings which terminated in the judgments appealed from are not warranted by our Probate Code. The only provisions of our probate law which authorize the granting of the relief which was granted to Eoline C. Rogers Nicols and Cornelius West are contained in Comp. Laws Utah 1917, tit. 118 c. 11. It is there provided:

7741. "When a person, who is bound by contract in writing to convey any real estate, or who is bound by contract in writing to assign, transfer, or deliver any personal property, shares of capital stock, bonds, or other choses in action, dies before making the conveyance, assignment, transfer, or delivery, and in all cases when such decedent, if living might be compelled to make such conveyance, assignment, transfer, or delivery, the court may make a decree authorizing and directing his executor or administrator to convey such real estate, or to assign, transfer, or deliver such personal property, shares of capital stock, bonds, or other choses in action, to the person entitled thereto."

7742. "On the presentation of a verified petition by any person claiming to be entitled to such conveyance, assignment, transfer, or delivery from an executor or administrator, setting forth the facts upon which the claim is predicated, the court must appoint a time and place for hearing the petition, which shall be upon notice."

7743. "If, after a full hearing upon the petition and objections, and examination of the facts and circumstances of the claim, the court is satisfied that the petitioner is entitled to a conveyance of the real estate described in the petition, or to an assignment, transfer, or delivery of the personal property, shares of capital stock, bonds,

or other choses in action described in the petition, a decree authorizing and directing the executor or administrator to execute a conveyance, assignment, transfer, or delivery thereof to the petitioner must be made; but the entry of the decree shall give the person entitled to the conveyance, assignment, or transfer a right to the possession of the lands, personal property, shares of capital stock, bonds, or other choses in action contracted for, and to hold the same according to the terms of the intended contract in like manner as if a conveyance, assignment, or transfer had been made in pursuance of the decree."

7744. "If, upon a hearing as hereinbefore provided, the right of the petitioner to have a specific performance of the contract is found to be doubtful, the court must dismiss the petition without prejudice to the right of the petitioner, who may, at any time within six months thereafter, proceed by action to enforce specific performance thereof."

In none of the proceedings had before the court below did either Eoline C. Rogers Nicols or Cornelius West proceed as directed by the foregoing provisions. The first that we hear of Eoline C. Rogers Nicols in the probate proceedings of the estate of Arthur L. Rogers, deceased, ■ is when she filed an objection to the final account of Katie S. Rogers, administratrix with the will annexed of the estate of Arthur L. Rogers, deceased. Apparently Eoline C. Rogers Nicols filed her objection to the account because she feared that the probate court would direct that some of the money which she claimed belonged to her be used to pay the funeral expenses of Arthur L. Rogers, deceased, and the costs of the administration of his estate. The administratrix of the estate of Arthur L. Rogers, deceased, does not appear to have in her possession any of the money which Eoline C. Rogers Nicols claims. It affirmatively appears in the record that the money which Eoline C. Rogers Nicols claims is held by the Tracy Loan & Trust Company. Obviously, if Eoline C. Rogers Nicols is the owner of any moneys held by the Tracy Loan & Trust Company, the probate court is without authority of law to direct that such money so belonging to Eoline C. Rogers Nicols be applied to the pay-

ment of the funeral expenses of Arthur L. Rogers or the costs of the administration of his estate.

After a hearing was had on the final account and petition for final distribution filed by Katie S. Rogers, administratrix, and the objections thereto by Eoline C. Rogers Nicols, the probate court in effect entered an order or judgment quieting the title of Eoline C. Rogers Nicols to an undivided one-half interest in and to the real property, or the proceeds of the sale of the real property which Arthur L. Rogers had contracted to sell to Cornelius West. A probate court may, in a proper case, direct an executor or an administrator of an estate to specifically perform a contract of a decedent, but is without jurisdiction to hear or determine a suit brought by a stranger to a probate proceeding to quiet title to property claimed to belong to the estate. The objections filed by Eoline C. Rogers Nicols to the account of Katie S. Rogers do not seek to have specifically performed any contract of Arthur L. Rogers, deceased. Under the provisions of our probate code, which we have heretofore quoted in this opinion, a remedy is open to Cornelius West to secure the specific performance of his contract with Arthur L. Rogers; Cornelius West, however, has not pursued or attempted to pursue such remedy. He has filed no petition for the specific performance of his contract with Arthur L. Rogers. The only document which tends to show that he is entitled to specific performance of his contract with Arthur L. Rogers is an affidavit in support of his application for an order directing Katie S. Rogers and her attorney to show cause why a deed has not been executed as theretofore ordered by the court. In an affidavit of his counsel it is averred that Cornelius West is ready, able, and willing to pay the remainder of the purchase price of the land. Katie S. Rogers filed a counter affidavit in the cause, in which she alleges that Cornelius West is, and for one year has been, in default in his payments on the contract. There is no finding of any fact which will support a judgment that Cornelius West has complied with his contract. Under such cir-

cumstances the probate court was without jurisdiction to direct Katie S. Rogers to execute a deed to Cornelius West. To invoke the jurisdiction of a court there must be appropriate pleadings. *Hampshire* v. *Woolley* (Utah) 269 P. 135; *Rolando* v. *District Court* (Utah) 271 P. 225. The order adjudging Katie S. Rogers guilty of contempt is based upon the judgment directing her to execute a deed to Cornelius West. A failure to comply with a void judgment is not contempt. It will be observed that at the time Katie S. Rogers was appointed administratrix a decree of distribution had been made and entered whereby the property which forms the subject-matter of this controversy was distributed share and share alike to Katie S. Rogers and Eoline C. Rogers Nicols. So far as appears no attempt was ever made to vacate or modify that decree of distribution. It is by no means clear that the first decree of distribution is an entire nullity. Counsel on both sides of this controversy, however, have entirely ignored the existence of the first decree of distribution, and therefore we do not decide what effect, if any, such decree of distribution had upon the subsequent proceedings.

It follows that the judgments, appealed from should be reversed. Such is the order. The cause is remanded to the probate division of the district court of Salt Lake county for such further proceedings, not inconsistent herewith, as may be deemed proper. Appellant is awarded her costs.

CHERRY, C. J., and STRAUP, EPHRAIM HANSON, and FOLLAND, JJ., concur.