## ROGERS v. WEST et al.

No. 5206.  Decided October 10, 1933.  (25 P.[2d] 971.)

*C. E. Norton,* of Salt Lake City, for appellant.

*H. C. Allen* and *J. B. Wilkins,* both of Salt Lake City, for respondents.

ELIAS HANSEN, J.

Plaintiff prosecutes this appeal from a decree directing her, as administratrix with the will annexed of the estate of Arthur L. Rogers, deceased, to convey all of the right, title, and interest of Arthur L. Rogers and of his estate in and to a tract of land in Salt Lake county, Utah, to Alfred J. West, administrator with the will annexed of the estate of Cornelius West, deceased.  The decree appealed from directs the conveyance to be made upon the payment of the sum of $668.67 and interest from April 2, 1928, to February 1, 1929.  One-half of such amount to be paid to plaintiff and one-half thereof to be paid to Eoline C. Rogers Nicols, formerly Eoline C. Rogers, upon her executing conveyance to Alfred J. West, administrator of the estate of Cornelius

West, deceased, of her interest in and to the lands involved in this controversy. By her appeal, plaintiff seeks to have the decree set aside upon the sole ground that the court below was without jurisdiction to enter the same. The record which is brought here for review shows: On January 28, 1924, Arthur L. Rogers entered into a written contract with Cornelius West. By the terms of the contract Rogers agreed to sell and West agreed to buy the tract of land involved in this litigation. The contract price of the land was $1,500. An initial payment of $100 was made by West. The contract provided that the remainder of the payments should be made at the rate of $20 per month. The deferred payments were to bear interest at the rate of 7 per cent per annum. West took possession of the property and made a number of the payments provided for in the contract. On February 5, 1924, Arthur L. Rogers and his wife, Eoline C. Rogers, entered into a written agreement whereby Mr. Rogers agreed to pay to Mrs. Rogers one-half of all the money paid by West on his contract. Thereafter, Eoline C. Rogers secured a divorce from Arthur L. Rogers, who later married the plaintiff Katie S. Rogers. Eoline C. Rogers also remarried after the divorce and assumed the name of Eoline C. Rogers Nicols. Upon the death of Arthur L. Rogers his will was admitted to probate and one H. J. Fitzgerald was appointed executor thereof. Upon the death of Mr. Fitzgerald the plaintiff herein was appointed administratrix with the will annexed of the estate of Arthur L. Rogers, deceased. After her appointment as administratrix plaintiff rendered an account and filed a petition in the probate proceedings for summary distribution to herself of all the property belonging to the estate. Eoline C. Rogers Nicols filed an objection to the account and prayed that one-half of the money owing by West on his contract be distributed to her. After a hearing was had upon the account and petition for summary distribution filed by Katie S. Rogers and the objections to the account and the petition of Eoline C. Rogers Nicols to have one-half of the

property of the estate distributed to her, the court adjudged and decreed that Eoline C. Rogers Nicols, formerly Eoline C. Rogers, was the owner of an undivided one-half interest in the property which was the subject-matter of the contract between Arthur L. Rogers and Cornelius West, and that the money remaining unpaid on that contract be distributed one-half to plaintiff Katie S. Rogers and one-half to defendant Eoline C. Rogers Nicols. Katie S. Rogers was by the court directed to convey the interest of Arthur L. Rogers and of his estate in and to the land in controversy to Cornelius West and Sarah West, his wife.

Plaintiff prosecuted an appeal to this court from that judgment, and the judgment was reversed in Re *Rogers' Estate*, 75 Utah 290, 284 P. 992, 997. While the case of In re *Rogers' Estate,* supra, was pending on appeal in this court, plaintiff brought a suit in the district court of Salt Lake county against Cornelius West to have the contract between him and Arthur L. Rogers canceled for the alleged reason that Mr. West had forfeited his right under the contract by failing to pay the monthly installments provided for in the contract. Mr. West answered and filed a counterclaim in the cause whereby he sought specific performance of the contract between him and Arthur L. Rogers and also sought to have adjudged void a purported deed from Arthur L. Rogers to plaintiff and to have the deed canceled of record. Eoline C. Rogers Nicols was made a party to the suit. A cross-complaint was filed against her. Before the cause was tried Cornelius West died. Alfred J. West, having been appointed administrator of the estate of Cornelius West, was by order of the court substituted for Cornelius West as defendant in the cause. Before trial and after the case of In re *Rogers' Estate,* supra, was decided by this court, plaintiff Katie S. Rogers filed in this cause in the court below a motion to dismiss her suit against Cornelius West upon the following grounds:

"1. That there was pending before the commencement of this action, and now is pending, an action between the same parties concerning

the same subject-matter in the Probate Division of said District Court, to-wit: Probate Case No. 13295, in the Matter of the Estate of Arthur L. Rogers, deceased.

"2. That the Mandate of the Supreme Court reads: 'The cause is remanded to the probate division * * * for such further proceedings * * * not inconsistent herewith as may be deemed proper.'"

The motion to dismiss the suit was denied. In due time a trial was had resulting in the judgment appealed from.

Upon this appeal plaintiff complains because the court denied her motion to dismiss the suit which she brought against Cornelius West. Plaintiff has no just cause to complain because of the refusal of the court to dismiss that suit. Cornelius West having filed a counterclaim against plaintiff, she was without right to dismiss her suit. Comp. Laws Utah 1917, § 6848. The probate court was without jurisdiction to try all of the issues raised by the pleadings in the instant case. In the course of the opinion in Re *Rogers' Estate*, supra, this court said:

"A probate court may, in a proper case, direct an executor or an administrator of an estate to specifically perform a contract of a decedent, but is without jurisdiction to hear or determine a suit brought by a stranger to a probate proceeding to quiet title to property claimed to belong to the estate."

Nor is the order of this court in Re *Rogers' Estate*, supra, wherein it directed that the cause be remanded to the probate division of the district court of Salt Lake county, "for such further proceedings, not inconsistent herewith," susceptible of a construction that the issues raised in the instant case should be heard and determined in the probate court. It was because the probate court was without jurisdiction to hear and determine such matters as are raised by the pleadings in the instant case, that the judgment entered in the former case was reversed.

The judgment appealed from is affirmed. Respondents are awarded their costs.

STRAUP, C. J., and FOLLAND, EPHRAIM HANSON, and MOFFAT, JJ., concur.