(No. 6925. September 23, 1942.)

RONALD J. MacDONALD, Respondent, v. CHARLES H. OGAN and POTLATCH FORESTS, INC., a corporation, Appellants.

[129 Pac. (2d) 654.]

Rehearing denied October 20, 1942.

Elam & Burke for appellant, Potlatch Forests, Inc., and Robert W. Peterson for appellant, Ogan.

Abe Goff and Thomas H. Felton for respondent.

BUDGE, J.—This case was before this court upon a former appeal to which reference may be had for a more complete statement of the pleadings and facts. (*MacDonald v. Ogan*, 61 Idaho 553, 104 P.2d 1106.) Our discussion will be limited to questions only that we deem material to a proper disposition of this case. The pertinent facts are substantially as follows.

On the night of December 14, 1937, respondent and one Christenson, who had been drinking to some extent, were

engaged in quarreling, fighting and using profanity on Pine Street in Potlatch, a town having a population of approximately 1,500 people, and had been engaged in like conduct immediately prior thereto in a confectionery store owned by one McMillan who had called, by phone, appellant Ogan, deputy sheriff and night watchman, to the scene of the disturbance. Ogan had served as night watchman for some sixteen years. As Ogan approached the confectionery store, respondent and those with him started down Pine Street. After proceeding about fifty feet, respondent struck Christenson and the affray was again renewed. Ogan, after trying to stop the fight and after making a physical effort to that end without success, fired a tear gas gun injuring respondent, resulting in the loss of his right eye. The case was tried to the court and jury, resulting in a verdict in favor of respondent and against appellants. Judgment was entered thereon in the sum of $12,000, from which judgment these separate appeals were taken.

The amended complaint alleges, substantially, that Ogan, at the time of the affray, informed respondent that he was an officer of the law and had authority to stop them from quarreling, fighting, and using profanity. Appellants' answers admitted the allegation. In such circumstances, the allegation must be taken as true, and no evidence is necessary to establish that fact.

The sheriff of Latah County supplied Ogan, his deputy, with the tear gas gun, heretofore referred to, some eight years prior to the accident, but Ogan had not used it upon any former occasion. Ogan received a monthly salary from the Potlatch Forests, Inc., hereafter called the Company, which procured his appointment, furnished his bond and paid the premiums thereon. If and when Ogan performed duties for the county outside of his duties as watchman of the village, and if he received compensation therefor, such compensation was deducted from his monthly salary. Among other duties Ogan performed, was the patrolling of the village and guarding of the Company's property as well as the property of the inhabitants residing therein. In other words, his duties generally were like those performed by town policeman. He was the sole officer in the night time. He received no specific orders or directions from the manager of the Company so far as his official duties as deputy sheriff were concerned. Such instructions were given him by the county sheriff. The Company had the right to dis-

charge Ogan as an employee but not the right to remove him from his office as deputy sheriff. As was said in *Healy v. Lothrop*, 171 Mass. 263, 50 N. E. 540, "* * * It is true that the defendant asked to have an officer appointed—and that he paid him. But he did not appoint him, could not remove him, and could not control his official conduct, which was governed by the regulations of the police commissioners, and his own sense of duty as a public officer." Over his official acts the Company had no control. He was responsible for his official acts, and the manner in which he discharged them, to the sheriff of the county.

■ It is clearly established that respondent did, at and prior to the unfortunate accident, heretofore referred to, maliciously and wilfully disturb the peace and quiet of the village; that he refused to desist when requested to do so by deputy sheriff Ogan; that the public offense which he was definitely committing was so committed in the immediate presence of an officer whose duty it was under the law to use such · reasonable force as was necessary to quell the disturbance and suppress the affray. Neither the Company, nor its officers or agents, were in any way connected with the action of Ogan in his effort to suppress the affray, or the means or manner adopted by him for that purpose. In suppressing the affray, Ogan was not acting as an employee of the Company, or in preservation of the Company's property, but in his official capacity as a deputy sheriff.

■ It is also clear that the affray did not take place on the property of the Company. In the amended complaint, it is alleged "That on the night of December 14, 1937, the · plaintiff and one other person [Christenson] were engaged in conversation on one of the public streets of Potlatch, Idaho, * * * * * and had started down the street and commenced scuffling." The answers admitted the above allegation. The court will take judicial notice of the existence of the town of Potlatch with a population of 1,500 inhabitants. It is alleged in the complaint and admitted in the answer that the altercation occurred on a public street within the town of Potlatch. It was therefore not incumbent upon appellants to establish, by evidence, more definitely than is admitted in the pleadings, that the acts, committed by respondent MacDonald, were so committed on property not owned by appellant Company; but were committed upon a public street in the town of Potlatch.

■ The rule is too well established to require citation

of authorities that it was incumbent upon the respondent to establish the allegations of his complaint by a preponderance of the evidence. After a very careful and painstaking study of the entire record, we are forced to the conclusion that respondent failed to meet this requirement, in this, that he failed to show by a preponderance of the evidence, that Ogan was not acting in the capacity of a public officer. On the contrary, the evidence affirmatively shows that he was so acting, which being true, as a matter of law no recovery can be had against the Company. While there are authorities to the contrary, the great weight of authority, and the better reasoning, support the proposition that even where a Company procures the appointment and pays the wages of a special police officer, it is not liable for his negligent acts, committed in the performance of his public duty. This is decidedly the general rule. Particularly is this true where the acts were committed on property which does not belong to the Company, where the acts were not done for the preservation of company property, and where the Company did not direct and was in no way connected with the acts of the officer. In 39 C. J. 1273, the general rule is stated:

"Unless it is otherwise provided by statute, a private person or corporation is not responsible for the acts of a special police officer, appointed by public authority, but employed and paid by the private person or corporation, when the act complained of was performed in carrying out his duty as a public officer, or was committed in furtherance of some personal purpose to the special officer." The following authorities support the general rule. (*Maggi v. Popma*, 105 Cal. App. 496, 287 P. 982; *St. John v. Reid*, 17 Cal. App. 5, 61 P.2d 363; *Healey v. Lothrop*, supra; *Macknowski v. Hudson & M. R. Co.*, 14 N. J. Mis. 778, 187 At. 747; *Norfolk & W. Ry. Co. v. Haun*, 167 Va. 157; *Dupont Rayon Co. v. Hanson*, 162 Tenn. 394, 36 S. W. 2d 879; *Bright v. Central of G. R. R. Co.*, 12 Ga. App. 364, 77 S. E. 372; *Kent v. So. R. Co.*, 52 Ga. App. 731, 184 S. E. 638; *Tucker v. Erie R. Co.*, 69 N. J. 19, 54 At. 557; *Tolchester Beach Supp. Co. v. Steinmeier*, 72 Md. 313, 20 At. 188; *Red River Lumber Co. v. Cardenas*, 95 Fed. 2d 157; *Nat'l. Labor Relations Board v. Red River Lumber Co.*, 109 Fed. 2d 157, 160; *Thomas v. Canadian P. R. Co.*, 14 Ont. L. Rep. 55, 8 Ann. Cas. 324; *O'Donnell v. Canada Foundry Co.*, 5 Ont. Week. Rep. 215.)

This action was brought against appellant Company and Ogan jointly. However, they filed separate answers, sep-

arate motions for judgment for non-suit, directed verdict, and for judgment notwithstanding the verdict, all of which were denied. The court erred in refusing to grant the Company's motion for non-suit upon the ground and for the reasons stated therein, and further erred in refusing to direct the jury to return a verdict in favor of the Company, and in refusing to enter judgment in the Company's favor notwithstanding the verdict. The above motions made by Ogan should have been sustained. It is not contended or even suggested by respondents that recovery could be had as against Ogan individually. We are of the opinion that this is true for the reason that a different rule of law prevails as to the liability of a peace officer than to a private citizen. It being established that Ogan was acting in his official capacity and not in his private capacity, or within the scope of his employment by the Company, and that the Company is not liable, it would follow that no recovery could be had against Ogan individually. The judgment is therefore reversed as against Ogan.

Respondent strenuously contends that all material evidence introduced in the instant case was introduced upon the first trial and that the order granting the motion for a new trial necessarily held that there was enough evidence to go to the jury in the first trial, settling the law of the case as to this point. Arguing further, that had there been insufficient evidence on the first trial, no doubt the court would have held that respondent could not recover as a matter of law, and thus have ended the litigation. Upon a former trial, there was really but one question before the court, namely, whether or not the action of the trial court in granting appellant a new trial was erroneous and should be reversed. We believe that a careful reading of the former opinion, *MacDonald v. Ogan*, supra, will reveal that it was the court's intention to reserve its ruling upon all points except the point involving the motion for a new trial. This conclusion is reached from the language used in the opinion, wherein the court states:

"It should be remembered that, in passing upon a motion for a new trial, the appellate court applies a different rule to the consideration of an order granting a new trial from what it applies to the *denial of a new trial*. This difference is predicated on the grounds, that where a new trial is granted, both parties are put back in the status in which they found themselves on the original trial; and each party

has his chance to present the case anew to the court and jury."

The doctrine of the law of the case contended for by respondent is recognized as a harsh rule. (2 Cal. Jur. 947.) The modern rule would seem to be that the rule should not be adhered to when its application would result in manifest injustice. (*United Dredging Co. v. Industrial Comm.*, 208 Cal. 705, 284 P. 992.) There are sufficient exceptions to the rule to warrant the court, in the administration of justice, to refuse to be absolutely bound by language used upon a former appeal, not pertinent to the decision of the question before it. Under such circumstances, the court may look to a just determination of the rights of the parties in litigation and decide the case without regard to what may be deduced from certain language used upon a former appeal. (67 A. L. R. 1381, and cases therein cited.)

The cause should be remanded with instructions to the trial court to set aside the judgment, and dismiss the action.

AILSHIE, J.—(Concurring in part and dissenting in part.)

In this case I agree to a reversal of the judgment and dismissal of the action as against Potlatch Forests, Inc. I concur in the views expressed by Mr. Justice Budge on that phase of the case.

On the other hand, I can not agree to a dismissal of the action as to the defendant Ogan. The judgment as to Ogan should be reversed and a new trial ordered for the following reasons: I think the court erred in rejecting the proferred evidence as to occurrences in the confectionery store immediately preceding the fight in the street. All the facts and circumstances, that occurred immediately preceding the street fight, in which McDonald was injured, were a part of the res gestae and should have been given to the jury, to enable them to fully understand the reasons for Ogan going to the place, and the motives, conditions, and circumstances existing at the time the gas gun was fired. I also think that the court should have instructed the jury as to the duties of the defendant, under the statute, as a deputy sheriff of the county.

The judgment is reversed and the cause is remanded to the trial court, with direction to dismiss the action as to

Potlatch Forests, Inc., and to grant a new trial as against defendant Ogan. No costs allowed.

Givens, C. J., and Reed, D. J., concur.

Holden, J., dissents.