34027. SCHOLWIN *v.* WILBANKS *et al.*

DECIDED MAY 6, 1952.

A. *Russell Ross,* for plaintiff.

*Will Ed. Smith, Martin, Snow & Grant,* for defendants.

GARDNER, P. J. The petition as amended does not entitle the plaintiff to the recovery of the damages sought. While a carrier owes to his passenger the duty of protecting him from insult, injury, and mortification, the carrier is not liable where the passenger is arrested by a sheriff under a valid process. See *Bright* v. *Central of Ga. Ry. Co.,* 12 *Ga. App.* 364 (77 S. E. 372) ; *Baldwin* v. *Seaboard Air Line Ry.,* 128 *Ga.* 567 (58 S. E. 35) ; *Brunswick & W. R. Co.* v. *Ponder,* 117 *Ga.* 63 (43 S. E. 430, 60 L.R.A. 713, 97 Am. St. R. 152). The fact that the ticket agent of the defendant carrier at Eastman had a personal grievance against the plaintiff and, after the plaintiff had purchased his ticket to Miami, telephoned the sheriff as to the whereabouts of the plaintiff, so that the sheriff could serve a warrant taken out by the ticket agent against the plaintiff earlier that day, does not render the carrier liable where the act of the agent in calling the sheriff was purely a personal one, and the carrier had no interest therein, one way or the other.

The plaintiff alleges that the defendant Wilbanks acted wilfully and wantonly, and that the plaintiff is entitled to punitive damages. The fact that the plaintiff alleges that the defendant Wilbanks had no reason to cause the plaintiff's arrest, and acted wantonly and wilfully, does not alter the case. The plaintiff's right of action, if any he had, for false imprisonment or malicious prosecution, for an arrest under an apparently valid warrant but illegally obtained, and where the plaintiff has been acquitted of the charges against him, was disclaimed by the plaintiff in paragraph 16 of the petition. He states that he is not bringing a suit for malicious prosecution, but is bringing

an action because the defendant carrier and the defendant Wilbanks, as agent, did not protect him when he was a passenger, and that they failed in the performance of their duty towards him, causing the injury or damage alleged. We think that the petition fails to show any right to recover against the carrier or its agent for wantonness and wilfulness, and that the plaintiff's right of action, if any, would be under the Code for malicious prosecution or for false imprisonment. This being so, and the plaintiff's right to recover for malicious prosecution being waived and expressly disclaimed in the present suit, the petition as a whole failed to show any right of action in the plaintiff against the defendant Wilbanks; and the court properly dismissed the petition on the general demurrers of the two defendants.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*